SCOTT F. LLEWELLYN (CA SBN 194553)
SLlewellyn@mofo.com
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510

NATHAN B. SABRI (CA SBN 252216)
NSabri@mofo.com
SHAELYN K. DAWSON (CA SBN 288278)
ShaelynDawson@mofo.com
CAMILA A. TAPERNOUX (CA SBN 299289)
CTapernoux@mofo.com
JENNY LIU (CA SBN 305568)
JennyLiu@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>                     Plaintiff,<br><br>     v.<br><br>ZEROCLICK, LLC,<br><br>                     Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NOS. 8,549,443 AND 7,818,691**<br><br>**DEMAND FOR JURY TRIAL** |

Apple Inc. ("Apple") hereby alleges for its Complaint against Defendant Zeroclick, LLC ("Zeroclick 2") as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of invalidity of U.S. Patent No. 8,549,443 (the "'443 Patent") and U.S. Patent No. 7,818,691 (the "'691 Patent") (collectively, the "Zeroclick Patents") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

2. The Zeroclick Patents were previously asserted against Apple by a prior entity also named Zeroclick ("Zeroclick 1"). Zeroclick 1 filed suit in this District on September 25, 2015, accusing Apple of infringing the Zeroclick Patents directly, contributorily, and by inducement. (*See Zeroclick, LLC v. Apple Inc.*, Case No. 4:15-cv-04417-JST (N.D. Cal.) (the "Zeroclick 1 Litigation"), ECF No. 1.)

3. Apple asserted in the Zeroclick 1 Litigation that it does not infringe the Zeroclick Patents and that the Zeroclick Patents are invalid and/or unpatentable under one or more provisions of 35 U.S.C. § 101, 102, 103, or 112, or other judicially created bases for invalidity.

4. Zeroclick 1 divested itself of all rights to the Zeroclick Patents in August 2017 by transferring the rights to Dr. Nes Irvine, the named inventor of the Zeroclick Patents. Zeroclick 1 was terminated as an entity in December 2017. The Honorable Judge Jon S. Tigar found that Zeroclick 1 lacked standing to sustain the Zeroclick 1 Litigation after divesting its rights to the Zeroclick Patents, and ordered Zeroclick 1 to show cause why the Zeroclick 1 Litigation should not be dismissed for lack of standing and subject matter jurisdiction. (*See* Zeroclick 1 Litigation, ECF No. 129.) After further briefing from the parties, Judge Tigar dismissed the Zeroclick 1 Litigation on June 11, 2020. (*See* Zeroclick 1 Litigation, ECF No. 142.) Judge Tigar determined that Zeroclick 1 lost standing to pursue the Zeroclick 1 Litigation as of December 2017, and struck all proceedings in that action since December 2017. (*Id.*)

5. In the course of briefing in the Zeroclick 1 Litigation on the issue of standing, Zeroclick 1 asserted that Dr. Irvine had transferred the rights to the Zeroclick Patents to Defendant Zeroclick 2 in January 2020. Zeroclick 1 asserted that rather than dismissing the

Zeroclick 1 Litigation, the court should permit Zeroclick 2 to be substituted in to continue the Zeroclick 1 Litigation against Apple.  (*See* Zeroclick 1 Litigation, ECF No. 130.)

6. The course of the Zeroclick 1 Litigation has demonstrated that it is highly likely that Defendant Zeroclick 2 will assert infringement of the Zeroclick Patents against Apple.  As set forth in the Zeroclick 1 Litigation and herein, Apple maintains that the Zeroclick Patents are invalid and/or unpatentable, and that Apple does not infringe the Zeroclick Patents.  Therefore, an actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202 between Apple and Zeroclick 2 as to whether the Zeroclick Patents are invalid and/or unpatentable.  A judicial declaration is necessary to determine the respective rights of the parties regarding the asserted patents.  Apple seeks a judicial declaration that the Zeroclick Patents are invalid and/or unpatentable.

**THE PARTIES**

7. Plaintiff Apple is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California 95014.

8. On information and belief, Defendant Zeroclick 2 is a Texas limited liability company with a business address of 3610-2 N Josey Lane #223, Carrollton, TX 75007.  On information and belief, Zeroclick 2 does not have any members, personnel, or employees other than the named inventor of the Zeroclick Patents, Dr. Nes Irvine, who resides in the United Kingdom.

9. On information and belief, Dr. Irvine formed Defendant Zeroclick 2 on or around November 6, 2019.

**JURISDICTION AND VENUE**

10. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

12. This Court has personal jurisdiction over Defendant Zeroclick 2 for purposes of this specific action.  On information and belief, the named inventor of the Zeroclick Patents, Dr.

Nes Irvine, is the sole member of Zeroclick 2, which is a patent assertion entity whose sole activity is the assertion of the Zeroclick Patents in litigation against various entities. The now terminated Zeroclick 1 previously asserted the Zeroclick Patents against Apple in the Zeroclick 1 Litigation in this District. (*See Zeroclick, LLC v Apple Inc.*, Case No. 4:15-cv-04417-JST.) Dr. Irvine was ultimately the sole member of Zeroclick 1, and Zeroclick 2 sought to substitute in as plaintiff to continue the Zeroclick 1 Litigation against Apple in this District, based on Dr. Irvine's alleged transfer of the relevant rights to Zeroclick 2 in January 2020. Dr. Irvine previously had repeated direct contacts with Apple in this District about the Zeroclick Patents, including sending a fax to Apple in 2002, sending emails to Apple's litigation counsel in an unrelated case in 2014, and sending emails to Apple's in-house counsel in 2014. Dr. Irvine also emailed Judge Lucy Koh of this District (and others) in 2014 regarding the Zeroclick Patents, and Zeroclick 2 has also purposefully availed itself of the resources of this District to enforce the Zeroclick Patents (*see HP Inc. v. Zeroclick, LLC*, Case No. 4:19-cv-06532-JST (N.D. Cal.), ECF No. 17). Dr. Irvine and Zeroclick 2 have purposefully directed their activities at Apple in this District relating to the Zeroclick Patents, and this action arises out of and directly relates to their contacts with Apple and this District, including their communications with Apple and this District via Dr. Irvine and counsel, and their related litigation activity in this District against Apple and others.

       13.     Venue in this District is proper under 28 U.S.C. §§ 1391(b), (c), and (d) with respect to Apple's declaratory judgment claims. Apple maintains its principal place of business in this District. Defendant Zeroclick 2 is subject to personal jurisdiction in this District for purposes of this specific action, as alleged above. This District also has familiarity with the Zeroclick Patents through prior litigation, and judicial economy would be served by adjudicating this action in this District.

       14.     An actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202 between Apple and Zeroclick 2 as to whether the Zeroclick Patents are invalid and/or unpatentable.

**PATENTS-IN-SUIT**

15. The '443 Patent, entitled "Zeroclick," states on its face that it issued on October 1, 2013. A true and correct copy of the '443 Patent is attached as Exhibit A.

16. The '691 Patent, entitled "Zeroclick," states on its face that it issued on October 19, 2010. A true and correct copy of the '691 Patent is attached as Exhibit B.

**COUNT I**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,549,443)**

17. Apple incorporates by reference each allegation set forth in paragraphs 1 through 16 above as if fully set forth herein.

18. The claims of the '443 Patent are invalid and/or unpatentable under one or more provisions of 35 U.S.C. § 101, 102, 103, or 112, or other judicially created bases for invalidity.

19. Zeroclick 2 has notice of the bases for Apple's invalidity claims, including the grounds identified in the following documents filed or served in discovery in the Zeroclick 1 Litigation, which Apple hereby incorporates by reference:

   (a) Apple's Amended Invalidity Contentions Pursuant to L.R. 3-3 and 3-4, served on September 24, 2019 (Zeroclick 1 Litigation, ECF No. 99-2);

   (b) Opening Expert Report of Scott Klemmer Regarding Validity of U.S. Patent Nos. 8,549,443 and 7,818,691, served on December 20, 2019 (Zeroclick 1 Litigation, ECF No. 99-3); and

   (c) Apple's Motion for Judgment on the Pleadings (Zeroclick 1 Litigation, ECF No. 88).

20. One or more of the claims of the Zeroclick Patents purport to claim subject matter ineligible for patent protection. One or more of the claims are drawn to abstract ideas without the addition of any inventive steps sufficient to qualify as a patent-eligible invention.

21. One or more of the claims of the Zeroclick Patents are anticipated or rendered obvious by the prior art.

22. One or more of the claims of the Zeroclick Patents are indefinite under the Federal Circuit's 35 U.S.C. § 112(f) precedent, and one or more of the claims of the Zeroclick Patents recite generic terms and phrases tantamount to using the word "means" in combination with

functions, without reciting a sufficiently definite structure and without a sufficiently definite corresponding structure disclosed in the specification.

23. As a result of prior allegations against Apple asserting the Zeroclick Patents, an actual and justiciable case or controversy exists between Apple and Zeroclick 2 as to the validity of the claims of the '443 Patent.

24. Apple is entitled to a declaration that the claims of the '443 Patent are invalid and/or unpatentable under one or more provisions of 35 U.S.C. § 101, 102, 103, or 112, or other judicially created bases for invalidity. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## COUNT II
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,818,691)**

25. Apple incorporates by reference each allegation set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. The claims of the '691 Patent are invalid and/or unpatentable under one or more provisions of 35 U.S.C. § 101, 102, 103, or 112, or other judicially created bases for invalidity.

27. Zeroclick 2 has notice of the bases for Apple's invalidity claims, including the grounds identified in the following documents filed or served in discovery in the Zeroclick 1 Litigation, which Apple hereby incorporates by reference:

    (a) Apple's Amended Invalidity Contentions Pursuant to L.R. 3-3 and 3-4, served on September 24, 2019 (Zeroclick 1 Litigation, ECF No. 99-2);

    (b) Opening Expert Report of Scott Klemmer Regarding Validity of U.S. Patent Nos. 8,549,443 and 7,818,691, served on December 20, 2019 (Zeroclick 1 Litigation, ECF No. 99-3); and

    (a) Apple's Motion for Judgment on the Pleadings (Zeroclick 1 Litigation, ECF No. 88).

28. One or more of the claims of the Zeroclick Patents purport to claim subject matter ineligible for patent protection. One or more of the claims are drawn to abstract ideas without the addition of any inventive steps sufficient to qualify as a patent-eligible invention.

29. One or more of the claims of the Zeroclick Patents are anticipated or rendered obvious by the prior art.

30. One or more of the claims of the Zeroclick Patents are indefinite under the Federal Circuit's 35 U.S.C. § 112(f) precedent, and one or more of the claims of the Zeroclick Patents recite generic terms and phrases tantamount to using the word "means" in combination with functions, without reciting a sufficiently definite structure and without a sufficiently definite corresponding structure disclosed in the specification.

31. As a result of prior allegations against Apple asserting the Zeroclick Patents, an actual and justiciable case or controversy exists between Apple and Zeroclick 2 as to the validity of the claims of the '691 Patent.

32. Apple is entitled to a declaration that the claims of the '691 Patent are invalid and/or unpatentable under one or more provisions of 35 U.S.C. § 101, 102, 103, or 112, or other judicially created bases for invalidity. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Apple requests that the Court enter judgment in its favor and against Zeroclick 2 as follows:

(a) Declaring that the '443 Patent is invalid and/or unpatentable;

(b) Declaring that the '691 Patent is invalid and/or unpatentable; and

(c) Awarding Apple any other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Apple hereby demands a jury trial on all issues so triable.

| | | |
|---|---|---|
| 1 | Dated: June 12, 2020 | SCOTT F. LLEWELLYN<br>MORRISON & FOERSTER LLP |
| | | By: _/s/ Scott F. Llewellyn_<br>SCOTT F. LLEWELLYN |
| | | Attorneys for Plaintiff<br>APPLE INC. |

COMPLAINT FOR DECLARATORY JUDGMENT

7